JS-6

FILED
CLERK, U.S. DISTRICT COURT

October 17, 2016.

CENTRAL DISTRICT OF CALIFORNIA
BY: _____VPC_____ DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

ALFREDO M. LOPEZ, et al.,

        Plaintiffs,

    v.

AMERICAN EXPRESS BANK, FSB, et al.,

        Defendants.

Case No. CV09-7335 SJO (MANx)

The Honorable S. James Otero

**FINAL APPROVAL ORDER AND JUDGMENT**

Upon review and consideration of the Settlement Agreement by and between plaintiffs Alfredo M. Lopez and Lauren R. Greene (together, "Plaintiffs") and defendants American Express Bank, FSB and American Express Centurion Bank (together, "American Express") and the memoranda and arguments of counsel,

IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

1.  Pursuant to Federal Rule of Civil Procedure 23(e), the settlement of this Action, as embodied in the terms of the Settlement Agreement, is hereby finally approved as a fair, reasonable and adequate settlement of this case in light of the factual, legal, practical and procedural considerations raised.  The definitions and provisions of the Settlement Agreement are hereby incorporated as though fully set forth herein.  For purposes of this Order and Judgment, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

2.  This Court has jurisdiction over the subject matter of the Settlement Agreement with respect to and over all parties to the Settlement Agreement, including all members of the Settlement Class.

3.  The Court hereby approves the settlement, including the plan of distribution of the settlement relief, and finds that the settlement is, in all respects, fair, reasonable and adequate to the Settlement Class Members, within the authority of the parties and the result of extensive arm's-length negotiations.

4.  Pursuant to Federal Rule of Civil Procedure 23(a), 23(b)(3), 23(c) and 23(e), the Court certifies, for settlement purposes only, the following Settlement Class:

> All persons or entities in the United States who: (a) had a consumer or small-business American Express credit card or charge card account with American Express Centurion Bank or American Express Bank, FSB; and (b) had a fixed annual percentage rate for purchases on the account that was increased or changed to a variable rate at any time

-1-

1    between October 1, 2005 and December 31, 2010; or (c) had a fixed

2    annual percentage rate for purchases on the account and were provided

3    notice of an increase in the fixed rate or a change from the fixed rate to a

4    variable rate at any time between October 1, 2005 and December 31,

5    2010.

6         5.     This Order and Judgment does not constitute an expression by the Court

7    of any opinion, position or determination as to the merit or lack of merit of any of the

8    claims or defenses of Plaintiffs, the Settlement Class Members or American Express.

9    Neither this Order and Judgment nor the Settlement Agreement is an admission or

10   indication by American Express of the validity of any claims in this Action or of any

11   liability or wrongdoing or of any violation of law.  This Order and Judgment and the

12   Settlement Agreement do not constitute a concession and shall not be used as an

13   admission or indication of any wrongdoing, fault or omission by American Express

14   or any other person in connection with any transaction, event or occurrence, and

15   neither this Order and Judgment nor the Settlement Agreement nor any related

16   documents in this proceeding nor any reports or accounts thereof shall be offered or

17   received in evidence in any civil, criminal or administrative action or proceeding,

18   other than such proceedings as may be necessary to consummate or enforce this

19   Order and Judgment, the Settlement Agreement and all releases given thereunder, or

20   to establish the affirmative defenses of res judicata or collateral estoppel.

21        6.     The Court hereby dismisses this Action with prejudice as to Plaintiffs

22   and all Settlement Class Members except those who have timely and properly

23   excluded themselves from the Settlement Class.  Exhibit A, attached hereto, sets

24   forth the names of those individuals who have timely and properly excluded

25   themselves from the Settlement Class.

26

27

28                                                   -2-

7.     Each Class Member shall be bound by the Settlement Agreement, including the releases in the Settlement Agreement, which is hereby incorporated by reference and becomes part of the final judgment in this Action.

8.     (a)     Upon the date that this Order and Judgment becomes Final, each Settlement Class Member (except those who have obtained proper and timely exclusion from the Settlement Class), their respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors in interest, assigns and any authorized users of their accounts will be deemed to have fully released and forever discharged Defendants and each and all of their present, former and future direct and indirect parent companies, affiliates, subsidiaries, agents, successors, predecessors in interest and/or any financial institutions, corporations, trusts, or other entities that may hold or have held any interest in any account or any receivables relating to any account, or any receivables or group of receivables, or any interest in the operation or ownership of Defendants, and all of the aforementioneds' respective officers, directors, employees, attorneys, shareholders, agents, vendors (including processing facilities) and assigns, from any and all rights, duties, obligations, claims, actions, causes of action or liabilities, whether arising under local, state or federal law (including without limitation under any state consumer-protection and/or unfair and deceptive practices acts, the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R. pt. 1026), whether by Constitution, statute, contract, common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, as of the date of Final Judgment in the Action: (1) that arise out of or relate to the allegations, causes of actions and facts that were asserted in the Action; or (2) that arise out of or relate in any way to the administration of the settlement.  The foregoing release does not waive rights of any Settlement Class Members to dispute amounts owed on individual accounts or to

-3-

1  seek legal recourse for any other matters related to their accounts other than those

2  that arise out of or relate to the allegations, causes of actions and facts that were

3  asserted in the Action or that arise out of or relate in any way to the administration of

4  the settlement.

5          (b)     Upon the date that this Order and Judgment becomes Final,

6  Plaintiffs and their respective heirs, executors, administrators, representatives,

7  agents, attorneys, partners, successors, predecessors in interest, assigns and any

8  authorized users of their account will fully release and forever discharge Defendants

9  and each and all of their present, former and future direct and indirect parent

10 companies, affiliates, subsidiaries, agents, successors, predecessors in interest and/or

11 any financial institutions, corporations, trusts, or other entities that may hold or have

12 held any interest in any account or any receivables relating to any account, or any

13 receivables or group of receivables, or any interest in the operation or ownership of

14 Defendants, and all of the aforementioneds' respective officers, directors, employees,

15 attorneys, shareholders, agents, vendors (including processing facilities) and assigns,

16 from any and all rights, duties, obligations, claims, actions, causes of action or

17 liabilities, whether arising under local, state or federal law (including without

18 limitation under any state consumer-protection and/or unfair and deceptive practices

19 acts, the Truth in Lending Act, 15 U.S.C. § 1601 et seq., and Regulation Z, 12 C.F.R.

20 pt. 1026), whether by Constitution, statute, contract, common law or equity, whether

21 known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or

22 unforeseen, actual or contingent, liquidated or unliquidated, as of the date of Final

23 Judgment in the Action, without limitation.

24          (c)     Without limiting the foregoing, the Released Claims specifically

25 extend to claims that Plaintiffs and the Settlement Class Members do not know or

26 suspect to exist in their favor at the time that the settlement, and the releases

27 contained therein, becomes effective.  This paragraph constitutes a waiver of all

28                                        -4-

provisions, rights, and benefits of all state or common-law rules limiting the release of known or unknown claims, including without limitation as to any other applicable law, section 1542 of the California Civil Code, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs understand and acknowledge, and each member of the Settlement Class shall be deemed to understand and acknowledge, the significance of the waiver of California Civil Code section 1542 and/or of any other applicable law relating to limitations on releases.  In connection with such waiver and relinquishment, Plaintiffs acknowledge, and all members of the Settlement Class shall be deemed to acknowledge, that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the settlement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

9.     The Court finds that the program of Class Notice set forth in the Settlement Agreement and preliminarily approved by the Court was the best notice practicable under the circumstances and was directed to Settlement Class Members in accordance with the Court's Order Preliminarily Approving Settlement.  The Class Notice provided due and adequate notice of these proceedings and of the matters set forth therein, including the Settlement Agreement, to all Settlement Class Members entitled to such notice and satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of constitutional due process.

-5-

10.     The Court appoints Alfredo M. Lopez and Lauren R. Greene as class representatives of the Settlement Class and finds that they each meet the requirements of Federal Rule of Civil Procedure 23.

11.     The Court appoints Marc R. Stanley, Martin Woodward, and Matthew J. Zevin, Stanley Law Group, Michael D. Braun, Braun Law Group PC, Andrew S. Kierstead, Law Office of Andrew Kierstead, Peter N. Wasylyk, Law Offices of Peter N. Wasylyk, and John Koenig, Law Office of John Koenig, as counsel for the Settlement Class. The Court appoints Marc R. Stanley and Matthew J. Zevin, Stanley Law Group, and Michael D. Braun, Braun Law Group PC, as Lead Class Counsel. The Court finds that counsel are competent and capable of exercising all responsibilities as Class Counsel and Lead Class Counsel, and that these attorneys meet the requirements of Federal Rule of Civil Procedure 23(g).

12.     The Court hereby approves Consumer Federation of America (America Saves Campaign) to receive the *Cy Pres* Distribution in accordance with the terms set forth in the Settlement Agreement.

13.     In aid of this Court's jurisdiction to implement and enforce the settlement, Plaintiffs and all Settlement Class Members and all persons purporting to act on behalf of Settlement Class Members are enjoined, directly, on a representative basis or in any other capacity, from asserting, commencing, prosecuting or continuing any of the Released Claims against American Express or any of the other Released Parties in any action, arbitration or proceeding in any court, arbitral forum or tribunal.

14.     Without affecting the finality of this Order and Judgment in any way, the Court retains continuing jurisdiction over: (a) implementation of the Settlement Agreement and distribution of the settlement payments contemplated by the Settlement Agreement, until all acts agreed to be performed pursuant to the Settlement Agreement have been performed; and (b) all parties to this Action and

-6-

members of the Settlement Class for the purpose of enforcing and administering the Settlement Agreement.

15. The Court approves Class Counsel's application for $1,531,136.08 in attorneys' fees and costs.

16. The Court approves incentive awards for Alfredo M. Lopez in the amount of $5,000 and Lauren R. Greene in the amount of $5,000.

17. The Parties shall carry out their respective obligations under the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: October __17__, 2016.

_____
The Honorable S. James Otero
United States District Judge

-7-